UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| RAOUL MARRADI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:16-CV-12593-RGS |
| BRT HOLDINGS, LLC and CRT FOOD & BEVERAGE, INC. | ) ) ) |
| Defendants. | ) ) ) |

## ANSWER OF DEFENDANT BRT HOLDINGS, LLC.

Defendant, BRT Holdings, LLC (hereinafter "the Defendant") by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses in response to the Complaint of Plaintiff, Raoul Marradi (hereinafter "Plaintiff's Complaint"), and states as follows:

### JURISDICTION[1]

1. The Defendant admits that this Court has original jurisdiction for claims arising under 42 U.S.C. §1281, *et seq.* (hereinafter "the ADA") pursuant to 28 U.S.C. §§1331, 1343; however, the Defendant denies that Plaintiff has properly asserted such a claim and further denies that it has failed to remove physical barriers to access or otherwise violated Title III of the ADA.

### PARTIES

2. The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 2 of the Plaintiff's Complaint; therefore, such allegations are denied and the Plaintiff is called upon to meet his burden of proof in this regard.

---
[1] The Defendant reproduces the headings used by the Plaintiff in his Complaint solely for ease of reference. Reproduction of those headings here in the Defendant's Answer should not be discerned as an admission or denial as to the headings' relevancy or appropriateness.

3. The Defendant admits that the Plaintiff apparently acts as a "tester" based on the 63 ADA lawsuits filed in the District of Massachusetts since 2013 where he appears as Plaintiff in identical eight-page Complaints, with only the preamble identifying the defendant(s) and Paragraph 17, listing the alleged barriers, tailored to fit the case at hand.[2] The Defendant lacks sufficient information to admit or deny the remaining allegations contained in paragraph 3 of the Plaintiff's Complaint; therefore, such allegations are denied and the Plaintiff is called upon to meet his burden of proof in this regard.

4. Denied.

5. Denied.

6. The Defendant admits that it transacts business within the Commonwealth of Massachusetts and is the lessor of the real property located at 885 Boylston Street, Boston, Massachusetts (hereinafter "the Property"). The Defendant lacks sufficient information to admit or deny the remaining allegations contained in paragraph 6 of the Plaintiff's Complaint; therefore, such allegations are denied and the Plaintiff is called upon to meet his burden of proof in this regard.

## FACTUAL ALLEGATIONS AND CLAIM

7. Admitted.

---

[2] See, e.g., Marradi v. Canzano, et al., 1:13-cv-10813-RGS (filed 4/9/13); Marradi v. Five-53 Boylston St. Ptnrs, et al., 1:13-cv-10814-WGY (filed 4/9/13); Marradi v. Five-53 Boylston St. Ptnrs, et al., 1:13-cv-10815-MLW (filed 4/9/13); Melo, et al. v. Stratford on the Park, LLC, et al., 1:13-cv-11270-FDS (filed 5/24/13); Marradi v. The City of Quincy, 1:13-cv-13293-JGD (filed 12/30/13); Marradi v. The City of Boston, Massachusetts, et al., 1:15-cv-12925-IT (filed 7/9/15); Marradi v. 98 Brookline Avenue Associates, LLC, 1:15-cv-13379-WGY (filed 9/17/15); Marradi v. Bam Hotel LLC, 1:15-cv-13381-RGS (filed 9/17/15); Marradi v. Boaz, et al., 1:15-cv-13428-DLC (filed 9/23/15); Marradi v. 44 Charles Street, LLC, 1:15-cv-13468-LTS (filed 9/29/15); Marradi v. Essex Street Primary Condominium Trust, 1:15-cv-13469-LTS (filed 9/29/15); Marradi v. K&W Realty Investment LLC, et al., 1:15-cv-13660-NMG (filed 10/28/15); Marradi v. Wong Ay-Chi-TS, et al., 1:15-cv-13665-NMG (filed 10/28/15); Marradi v. Susan & Eddie Realty Trust, et al., 1:15-cv-13666-GAO (filed 10/28/15); Marradi v. South Hinge Block LLC, et al., 1:15-cv-13893-WGY (filed 11/19/15); Marradi v. Wong Kong Har Association, Inc., et al., 1:15-cv-13894-RGS (filed 11/19/15); Marradi v. KIC 685 Washington LLC, et al., 1:15-cv-13895-IT (filed 11/19/15); Marradi v. Centerra Realty LLC, 1:15-cv-14014-DJC (filed 12/3/15); Marradi v. K&W Realty Investment LLC, 1:16-cv-10038-MPK (filed 1/11/16); Marradi v. One Union Realty Trust, 1:16-cv-10186-NMG (filed 2/4/16); and, 43 others.

8. Paragraph 8 of Plaintiff's Complaint asserts a statement of law and/or a restatement of a statutory provision, to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

9. Paragraph 9 of Plaintiff's Complaint asserts a statement of law and/or a restatement of a statutory provision, to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

10. Paragraph 10 of Plaintiff's Complaint asserts a statement of law and/or a restatement of a statutory provision, to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

11. Paragraph 11 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

12. Paragraph 12 of Plaintiff's Complaint asserts a statement of law and/or a restatement of a statutory provision, to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

13. Paragraph 13 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations

contained in paragraph 13 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

14. Denied.

15. The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 15 of the Plaintiff's Complaint; therefore, such allegations are denied and the Plaintiff is called upon to meet his burden of proof in this regard.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Paragraph 20 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

21. Denied.

22. The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 22 of the Plaintiff's Complaint; therefore, such allegations are denied and the Plaintiff is called upon to meet his burden of proof in this regard.

23. Paragraph 23 of Plaintiff's Complaint asserts a statement of law and/or a restatement of a statutory provision, to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

In response to the unnumbered WHEREFORE clause immediately following paragraph 23 of Plaintiff's Complaint, the Defendant denies that Plaintiff is entitled to any of the relief sought therein, including injunctive relief and attorneys' fees and costs.

**AFFIRMATIVE DEFENSES**

1. The Plaintiff's Complaint must be dismissed for failure to state a cause of action upon which relief can be granted;

2. The Plaintiff's claims are barred because the Defendant is not the proper party to this lawsuit where it does not operate the place of public accommodation at issue in the instant action and/or is not responsible for maintaining the elements referenced in the Plaintiff's Complaint;

3. The Plaintiff's claims are barred by the doctrine of "unclean hands";

4. The Plaintiff's Complaint must be dismissed because he has not suffered an injury in fact;

5. The Plaintiff's Complaint must be dismissed for lack of standing;

6. The Plaintiff's Complaint must be dismissed because his claims are moot;

7. The Plaintiff's Complaint must be dismissed for lack of subject-matter jurisdiction by this Court;

8. The Plaintiff's Complaint must be dismissed because removal of alleged access barriers are not readily achievable and cannot be accomplished or carried out without much difficulty or expense; are technically infeasible; and, would fundamentally alter the manner in which the Defendant provides goods and services;

9. The Plaintiff has failed to provide the Defendant with notice and/or the opportunity to cure any alleged violations, all such violations being specifically denied, and therefore, by good-

faith extension of law, the Plaintiff is not entitled to any such relief and/or to recover his attorneys' fees, expenses or costs;

10. The Plaintiff's Complaint must be dismissed because it fails to propose modifications that would not constitute an undue burden on the Defendant or that are otherwise structurally practicable.

WHEREFORE, the Defendant, BRT Holdings, LLC respectfully request that the case against it be dismissed with prejudice, with all costs, expenses and attorneys' fees taxed against the Plaintiff.

Respectfully submitted,

BRT Holdings, LLC

By its Attorneys,

*/s/ Jeremy Weltman*
Jeremy Y. Weltman (No. 662293)
KERSTEIN, COREN & LICHTENSTEIN
60 Walnut Street
Wellesley, MA 02468
Tel: 781-997-1600
Fax: 781-997-1633
jweltman@kcl-law.com

Dated:  February 16, 2017

## CERTIFICATE OF SERVICE

I, Jeremy Y. Weltman, certify that on this 16th day of February, 2017. I caused a true copy of the *Answer of Defendant BRT Holdings LLC* to Plaintiff's Complaint to be filed with the Clerk of the United States District Court for the District of Massachusetts through the Court's Electronic Case Filing system ("ECF") and to be served through ECF upon counsel of record, with paper copies sent to any person indicated on ECF as a non-registered participant.

                                                    /s/ *Jeremy Y. Weltman*
                                                    Counsel for the Defendant